DEPARTMENT OF POLLUTION CONTROL — ADOPTION OF REGULATIONS Pursuant to the Pollution Control Coordinating Act of 1968 found at 82 O.S. 931 [82-931] (1971) et seq., the Department of Pollution Control may adopt regulations of noise and odor pollution only as such may be consistent with the respective statutes and rules and regulations of the other member agencies of the coordinating board. The Attorney General has received your letter in which you request our opinion on the following question: May the Pollution Control Coordinating Board, in accordance with 82 O.S. 931 [82-931] (1971) et seq., adopt and enforce noise and/or odor pollution rules and regulations? Title 82 O.S. 932 [82-932](a) (1971) provides as follows the purposes of the department: "There is hereby created the State Department of Pollution Control. It shall be the duty of the department to establish and maintain a coordinated, continuing surveillance of the waters, air and other natural resources of this state hereinafter referred to as the 'environment' of this state for the purposes of controlling the quality of the environment and for preventing and abating any pollution thereof, whether the source of such pollution is within or without the state, through an enforcement of laws relating thereto in a maximum utilization of existing resources and facilities of state agencies having pollution control responsibilities under existing and subsequently enacted laws." Title 82 O.S. 934 [82-934] (1971) provides as follows the powers and duties of the board: ". . . (a) to coordinate and eliminate duplication of effort of the state agencies having statutory authority and environmental pollution control in the prevention and abatement of environmental pollution as necessary to carry out the purposes and intent of this act; . . . (f) to review rules and regulations of the board to carry out the intent and purposes of this act. Any rules and regulations adopted pursuant to this act shall be consistent with, but not restricted to, provisions of federal law, if any, relating to control of emissions from motor vehicles and shall be consistent with the rules and regulations of the member agencies; . . . (h) to organize and to adopt rules and regulations for conducting its proceedings; . . ." It is to be noted that the preceding statute expressly authorizes the agency to promulgate only rules and regulations pertaining to the conduct of its proceedings. Title 82 O.S. 932.2 [82-932.2](b) (1971) provides as follows the duties of the director of the State Department of Pollution Control: ". . . (2) Formulate and recommend rules and regulations for approval or rejection by the Board which shall be consistent with the rules and regulations of member agencies. (3) Establish and maintain a central repository for all duly adopted rules and regulations pertaining to environmental pollution prevention, control and abatement . . . (4) Coordinate all pollution control programs of the state carried on by all state agencies." Of further relevant interest is 82 O.S. 933 [82-933] (1971) which provides as follows the relationship of the Department of Pollution Control and other member agencies: "To establish an effective, coordinated environmental control program in the Department of Pollution Control and to utilize existing resources and facilities in the several state agencies which have environmental control responsibilities and powers under existing statutes, including but not limited to control of water pollution, air pollution, solid waste disposal and littering, the environmental control responsibilities of the state agencies represented by the respective membership of the board shall remain as provided by law and this act shall not be construed as modifying or lessening any requirements, authority or responsibility of any agency of the state in the discharge of its duties as prescribed by law for preventing or controlling pollution; provided, however, that a copy of all rules and regulations and orders promulgated by these state agencies on such matters, issues and areas covered by this act shall be filed with the Pollution Control Coordinating Board. . ." It is felt that within the context of the preceding statutes pertaining to the powers and duties of the State Department of Pollution Control, and the Board thereof, that its primary function was not to adopt substantive new regulations governing pollution, but rather to coordinate and prevent duplication on the part of the various member agencies who have existing jurisdiction over respective areas of pollution control. In that context, 63 O.S. 1-1511 [63-1-1511] (1971) provides as follows: "The State Department of Health is hereby authorized to encourage, participate in, conduct studies, investigations, training, research and demonstrations relating to: "1. The control or abatement of noise, "2. The detection and measurement of noise, "3. The effects on health resulting from exposure to noise, and "4. The consumer safety and protection aspects of devices and products which may or do practice harmful noise when such device or product is used for its intended purposes." Further, 63 O.S. 1-1512 [63-1-1512] (1971) provides: "The State Department of Health is hereby designated as the official agency of the State of Oklahoma for all activities pertaining to the abatement and control of noise. . ." With respect to odor, the Oklahoma Clean Air Act, found at 63 O.S. 2001 [63-2001] (1971) et seq. provides in Section 82 O.S. 2002 [82-2002](D): "The State Board of Health is hereby authorized after public hearing and approval by the Council to adopt, amend or repeal rules and regulations for the control and abatement of air pollution and establishment of health and safety tolerance standards for discharge of air contaminants to the atmosphere and such additional rules and regulations as it deems necessary to protect the health, safety and welfare of the public." The terms "air pollution" and "air contaminants" are defined in Section 82 O.S. 2002 [82-2002] as follows: ". . . (g) 'Air pollution' is the presence in the outdoor atmosphere of one or more air contaminants in sufficient quantities and of such characteristics and duration as tend to or may be injurious to human, plant or animal life or to property, or which interferes with the comfortable enjoyment of life and property, excluding, however, all conditions pertaining to employer-employee relations. "(h) 'Air contaminants' means the presence in the outdoor atmosphere of fumes, aerosol, mist, gas, smoke, vapor, particulate matter, or any combination thereof which create a condition of air pollution." In construing the preceding sections of the Oklahoma law together, it was the clear intent of the Oklahoma Legislature that the Pollution Control Coordinating Board perform a general supervisory function over the member agencies of the Board. Where member agencies are given jurisdiction to act in a given area of pollution, it is felt that it was the Legislature's intent that jurisdiction would be exclusive except in those instances provided in Title 82 where such an agency fails to act. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Pursuant to the Pollution Control Coordinating Act of 1968 found at 82 O.S. 931 [82-931] (1971) et seq., the Department of Pollution Control may adopt regulations of noise and odor pollution only as such may be consistent with the respective statutes and rules and regulations of the other member agencies of the coordinating Board. (Steven E. Moore)